1  Robert A. Rees [State Bar No. 94295]
   Rees Law Firm P.C.
2  1925 Century Park East, Suite 2000
   Los Angeles, California 90067
3  Telephone: (310) 277-7071
4  Facsimile: (310) 277-7067

5  Attorneys for Defendant
   Pristine Bay LLC dba Vianda
6

FILED
CLERK, U.S. DISTRICT COURT
SEP 30 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY

7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
9

10 | OTIS HARRIS II, individually, and on behalf of all others similarly situated, | CASE NO.: 8:10-SA-cv-1481 CJC (FMx)
11 |
12 |         Plaintiff,           | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(b) AND 1452
13 | vs.
14 | VIANDA, LLC; CVS CAREMARK CORP.; and DOES 1-10, Inclusive,
15 |         Defendants.

16     TO PLAINTIFF OTIS HARRIS II AND TO THE CLERK OF THE ABOVE-
17
18  ENTITLED COURT:
19     PLEASE TAKE NOTICE that on this date defendant Pristine Bay LLC dba
20
21  Vianda ("Vianda") files this Notice of Removal pursuant to 28 USC §§1441 and
22  1452 and removes to this Court the state court action known as *Otis Harris II, etc.,*
23  *plaintiff v. Vianda, LLC; CVS Caremark Corp., et al. defendant,* Case No. 30-2010-
24
25  00404381, previously filed in the Superior Court of the State of California, County
26  of Orange. The grounds for removal are set forth below.
27
28

1
NOTICE OF REMOVAL

## SUMMARY

1. Plaintiff Otis Harris II filed a summons and complaint in the above action on August 31, 2010. A copy of the summons and complaint is attached as Exhibit A.

2. This Court has original jurisdiction over this matter pursuant to 28 USC §1334 because this matter is related to a pending bankruptcy case. Removal is proper under 28 USC §1452 because defendant is entitled to have this case heard in a federal forum rather than state court since it is related to a federal bankruptcy proceeding.

3. As a separate and independent ground, this Court also has original jurisdiction over the action pursuing to the Class Action Fairness Act of 2005 ("CAFA") and this case is properly removable under 28 USC §1332(d)(2), 1441 and 1446 because:

- diversity of citizenship exists and
- the amount in controversy exceeds five million dollars in aggregate.

## DISCUSSION RE BANKRUPTCY REMOVAL

4. Removal is proper under 28 USC §1542, which provides for "removal of claims related to bankruptcy cases." In particular, §1452(a) provides that "[a] party may remove any claim or cause of action in a civil action…to the District Court for the District where civil action is pending if such District Court has jurisdiction of such claim or cause of action under §1334 of this title."

5. Before December 28, 2008, Enzyte was manufactured and sold by Berkeley Premium Nutraceuticals, Inc. ("BPN"). In September 2008, BPN was placed in

Chapter 11 bankruptcy in a case styled *IN RE : Berkeley Premium Nutraceuticals, Inc., et al.*, Case Nos. 08-15012, 15828, 15832, and 15833, jointly administered as Case No. 08-15012, (the "Bankruptcy Proceedings"). Richard Nelson, a Cincinnati bankruptcy attorney, was appointed trustee. Mr. Nelson determined that certain assets should be sold to Vianda, a company unrelated to BPN. [See declaration of Alison Bennett ("Bennett Decl.") ¶ 2]

6. On December 28, 2008, the United States Bankruptcy Court in the Bankruptcy Proceedings issued an ORDER (A) AUTHORIZING THE SALE OF ASSETS PURSUANT TO 11 U.S.C. §363 (b), (f) AND (m) AND (B) AUTHORIZING THE ASSUMPTION AND ASSIGNEMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 USC §365 (the "Order"). The Order is attached as Exhibit B.

7. The Order provides in Section G (page 8) that Vianda is not the successor in interest to any of the BPN companies. Specifically, the Order provides, in Section G, "Buyer is not a mere continuation of the Debtors. The Bankruptcy Court finds there is no continuity of enterprise between the Buyer and the Debtors or the Chapter 11 Bankruptcy Estates of the Debtors."

8. Vianda has no successor liability for any BPN conduct occurring prior to the sale on December 28, 2008. [Section H, page 9] Section H is captioned "NO SUCCESSOR LIABILITY" and on page 9 provides "the Buyer is not, as a result of any action taken in connection with the purchase of the Purchased Assets or

otherwise: (i) a successor to the Debtors; or (ii) is not, de facto, or otherwise, merged or consolidated with or into the Debtors." The section also provides, among other things, "the Buyer is a newly formed Ohio limited liability company and is only buying the Purchased Assets, and as such, the Buyer is not a continuation of the Debtors or the Debtor's business operations. Further, there is no substantial continuity between the Buyer and Debtors and there is no continuity of enterprise between the Debtors and the Buyer."

9. The Bankruptcy Court also reserved jurisdiction over any issues related to the sale or the related Order. [Order ¶ 34 at page 30.] Paragraph 34 provides "this Court shall retain jurisdiction over the transactions contemplated in the Asset Purchase Agreement in this Order for purposes of enforcing the provisions of this Order and the Asset Purchase Agreement. To the extent that any provisions of this Order shall be inconsistent with the sale motion, the terms of this Order shall control."

10. In the removed action, Plaintiff alleges Vianda "advertises" that Enzyte is the once daily pill for natural male enhancement, a euphemism for penis enlargement and treatment of erectile dysfunction. [Complaint ¶ 10]

11. Plaintiff further alleges he "purchased Enzyte" because he believed Enzyte to be the "the number one supplement in the world for natural male enhancement", which he believed to amount to safe and effective male sexual enhancement. Plaintiff also alleges that although he took Enzyte as directed, it did not work as advertised nor, did it cause him any male enhancement. In fact, it exposed him to a potentially

fatal toxic cocktail." [Complaint ¶ 16]

12. Because plaintiff was dissatisfied with Enzyte's results, he assumed all users were equally unhappy and filed a class action lawsuit. Plaintiff defines the class as "all persons who purchased Enzyte in California for personal use at any time during the applicable statute of limitations. (the "Class"). [Complaint ¶ 19]

13. Plaintiff's counsel, Scott Farrell knowingly defined the Class broadly to include members who purchased Enzyte only from BPN. Mr. Farrell is co-counsel in an unrelated action against Vianda in Los Angeles Superior Court, where he was put on notice of the Order and its findings that there is no connection between Vianda and BPN.

14. Cases are "related to" a bankruptcy proceeding within the meaning of 28 USC §1334(b) when "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." [*Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610, 613 (C.D. Cal. (2003) (citing *in re: Fietz*, 852 F. 2$^d$ 455, 457 (9th Cir. 1988) internal quotations omitted).]

15. This action is "related to" the Bankruptcy Proceedings and removal is proper under 28 USC §1452(a). Plaintiff's class definition does not distinguish between people who purchased Enzyte from Vianda and people who purchased it from BPN. As such, there is a potential outcome where Vianda could be held liable for conduct of BPN, in contravention of the provisions of the Order. Moreover, because the class definition includes claims against both Vianda and the Debtor, BPN, Vianda may

have claims for equitable indemnity or contribution against the Debtor. In the Ninth Circuit, a defendant's claim for indemnity or contribution against an entity in bankruptcy gives rise to "related to" jurisdiction. [*Id.*] Finally, and of equal significance, the Bankruptcy Court in Ohio has specifically reserved jurisdiction to interpret and enforce its Order.

16. As required under FRBP 9027(a)(1), Vianda states that the claim asserted against it is non-core within that meaning of 28 USC §157(b) and that it does not consent to entry of final orders or judgment by the bankruptcy judge.

## DISCUSSION RE CAFA REMOVAL

17. In this action plaintiff asserts claims under the California Unfair Competition Law ("UCL"), Business and Professions §17200 at seq. [Complaint at page 6]. Plaintiff has brought this removed action in California state court as a class action seeking recovery for a class that, as defined includes more than 100 unnamed individuals from various states alleging that Vianda has violated the UCL. Plaintiff alleges that Enzyte has over five million customers. [Complaint ¶ 1]

18. This case falls within the Court's subject matter jurisdiction under 28USC §1332(a) and §1332(d)(2) and is removable pursuant to 28 USC §1441(a). Cases over which the United States District Courts have original jurisdiction are removable if the defendant joined and served is not a citizen of the state in which the action is brought 28 USC §1441(a-b). District Courts have original jurisdiction of any civil action where:

i) The suit is a class action where any member of a class of plaintiffs is a citizen of a state different from any defendant [28 USC §1332(d)(2)(A).] and

ii) The matter in controversy exceeds the sum or value of five million dollars, exclusive of costs and interests. The sum or value of each individual class member's claim is aggregated in considering whether the matter meets the amount in controversy threshold. [ 28 USC §1332(d)(6) (" CAFA jurisdiction.")]

19. Plaintiff is and at all times was a resident of California. [Complaint ¶ 3] To establish citizenship for diversity purposes, an actual person must be both a citizen of the U.S. and a domiciliary of one particular state. [*Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2nd 1088, 1090 (9th Cir. 1983)] Residence is prima facie evidence of domicile. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F. 3d 541, 520 (10th Cir. 1994). Plaintiff is a citizen of California. [28 USC §1332(a)(1).]

20. Pursuant to 28 USC §1446(c), "a corporation shall be deemed to be a citizen of any state in which it has been incorporated, and of the state where it has its principle place of business." Vianda is a corporation incorporated under the laws of Ohio with its principle place of business in Cincinnati, Ohio. [Bennett Decl. ¶ 3]

21. Pursuant to 28 USC §1441(a) the residence of fictitious and unknown defendant should be disregarded for purposes of establishing removal jurisdiction under 28 USC §1332. *Fristos v. Reynolds Metals Co.*, 615 F. 2nd 1209, 1213 (9th

Circuit 1980) (unnamed defendants are not required to join in a removal petition). The existence of Does 1-10, inclusive does not deprive this Court of jurisdiction.

22. The amount in controversy exceeds five million dollars because plaintiff, in his complaint, seeks damages in excess of ten million dollars. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of five million dollars (d)(6). Congress intended for Federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds five million dollars either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of release sought (e.g. damages, injunctive relief or declaratory relief.") [Senate Judiciary Committee Report, S. REP. 109-14 at 49] Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in State or Federal Court should be resolved in favor of Federal Jurisdiction. [S. REP. 109-14, at 49]

23. Because the amount in controversy exceeds five million dollars and because diversity of citizenship exists, the Court has original jurisdiction of this action pursuant to 28 USC 1332 (d)(2). This action is therefore proper for removal to this Court pursuant to 28 USC §1441(a).

## PROCEDURAL ELEMENTS

24. This notice of removal is timely under 28 USC §1446 (b) and FRBP 9027(a)(3) because it is being filed within 30 days after receipt of the summons and

complaint. Plaintiff served a copy of the summons and complaint on Vianda on September 14, 2010. Vianda's time to answer the summons and complaint has not yet expired and it has not yet served or filed an answer

25. On information and belief, defendant CVS, Inc. was served with the summons and complaint on September 14, 2010. On information and belief, defendant CVS joins in this notice of removal and will file a joinder in notice of removal to that effect with this Court. Accordingly, all defendants that have been served with the summons and complaint have joined in this notice of removal.

26. Promptly upon filing of this notice of removal, a true copy of this notice of removal will be provided to all adverse parties pursuant to 28 USC §1446(d) and FRBP 9027(b).

27. Concurrently with the filing of this notice of removal, Vianda is filing a notification of filing of notice of removal with the clerk of the Superior Court, State of California County of Orange in accordance with terms of 28 USC §1446(d).

WHEREFORE, Vianda removes this action from the Superior Court for the State of California for the County of Orange to the United States District Court for the Central District of California.

DATED:

REES LAW FIRM PC

s/
By: _Robert A. Rees_
Robert A. Rees
Attorneys for Defendant
Pristine Bay LLC dba Vianda

EXHIBIT A

| | SUM-100 |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* <br> **ELECTRONICALLY FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF ORANGE <br> CIVIL COMPLEX CENTER <br> **Aug 31 2010** <br> ALAN CARLSON, Clerk of the Court <br> by M. DEMARIA |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VIANDA, LLC; CVS CAREMARK CORP.; and DOES 1-10, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

OTIS HARRIS, II, individually, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Orange County Superior Court Complex <br> 751 West Santa Ana Boulevard, Santa Ana, CA 92701 | CASE NUMBER: <br> *(Número del Caso):* <br> 30-2010-00404381 <br> HON. GAIL A. ANDLER/CX102 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, 610 Newport Center Dr., #700, Newport Beach, CA 92660 (949) 706-6464

| DATE: 08/31/2010  ALAN CARLSON | Clerk, by | MARGARET DEMARIA | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Vianda, LLC
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use <br>
Judicial Council of California <br>
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1 <br>
Code of Civil Procedure §§ 412.20, 465 <br>
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell, 202091<br>NEWPORT TRIAL GROUP<br>610 Newport Center Drive, Suite 700<br>Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464  FAX NO.: (949) 706-6469<br>ATTORNEY FOR (Name): Plaintiff and the Class | **ELECTRONICALLY FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX CENTER<br>**Aug 31 2010**<br>ALAN CARLSON, Clerk of the Court<br>by M. DEMARIA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 751 West Santa Ana Blvd.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Complex Civil Center | |
| CASE NAME:<br>HARRIS v. VIANDA, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2010-00404381 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: GAIL A. ANDLER<br>DEPT: CX102 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☑ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action (specify): One
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 31, 2010
Scott J. Ferrell
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

1  NEWPORT TRIAL GROUP
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   David W. Reid, Bar No. 267382
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA 92660
4  Tel: (949) 706-6464
   Fax: (949) 706-6469
5
   Attorneys for Plaintiff and the Class
6

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                       FOR THE COUNTY OF ORANGE
9

10
   OTIS HARRIS, II, individually, and on behalf of  | Case No.
11 all others similarly situated,                   |
                                                    |
12         Plaintiff,                               | **CLASS ACTION COMPLAINT**
                                                    |
13         vs.                                      |
                                                    | **JURY TRIAL DEMANDED**
14 VIANDA, LLC; CVS CAREMARK CORP.; and             |
   DOES 1-10, Inclusive,                            | JUDGE GAIL A. ANDLER
15                                                  |
           Defendants.                              | DEPT CX102
16

17

18                    I.    **INTRODUCTION**

19      1.     Vianda, LLC ("Vianda") is hiding a dangerous secret that they don't want you to know:

20 Enzyte causes heart arrhythmia and could cause sudden death. Defendant Vianda and Defendant CVS

21 Caremark Corp. ("CVS") do not warn consumers that Enzyte is placing them at risk for dangerous and

22 potentially fatal heart arrhythmia. Because the U.S. Food and Drug Administration ("FDA") does not

23 regulate dietary supplements, the manufacturer is responsible for ensuring that any dietary supplement

24 marketed to the public is safe for consumption. Instead of embracing that legal obligation, Defendants

25 recklessly omit any warning of Enzyte's potentially fatal side effects and simply market Enzyte as the

26 "once daily tablet for natural male enhancement" and boast that "Enzyte is trusted by over 5 million

27 users." As evidenced by Defendants' marketing statements, over 5 million consumers have

28

- 1 -
CLASS ACTION COMPLAINT

unknowingly been placed at risk for potentially fatal heart arrhythmia. At approximately $40 a package, Defendants profit greatly from their callous disregard for consumer health.

2. This case is not about money for the plaintiff; he simply wants Defendants to stop poisoning the public and give consumers their money back.

## II. THE PARTIES

**A. Plaintiff.**

3. Plaintiff Otis Harris, II ("Plaintiff") is a resident of California who has purchased Enzyte earlier this year at CVS.

**B. The Defendants.**

4. Defendant Vianda, LLC is an Ohio Corporation with its principal place of business in the state of Ohio that does business in California.

5. Defendant CVS Caremark Corp. is a Delaware Corporation with its principal place of business in the state of Delaware that does business in California.

6. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution.

8. Venue is proper in this Court because Defendants have received substantial compensation from sales in this County. Specifically, each Defendant does business in this County, knowingly engages in activities directed at consumers in this County, and each Defendant obtains substantial benefits from the Defendants' common scheme perpetrated in this County. As such, a substantial portion of plaintiff's claims arise in this County.

9. Defendants and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## IV. FACTS

10. Defendants advertise that Enzyte is "the once daily tablet for natural male enhancement." "Natural male enhancement" is a euphemism for both penis enlargement and the treatment of erectile dysfunction. The following picture is an accurate graphical depiction of the packaging of Enzyte:



11. According to Defendants, Enzyte is the most popular male enhancement product in the world. Defendant Vianda boasts on its website that:

> *Enzyte is trusted by over 5 million users and is the #1 selling supplement in the world for natural male enhancement!*
>
> *For 5 solid years, Enzyte has been the number one selling supplement for natural male enhancement—satisfying the sex life of men everywhere! Enzyte is the original once-daily tablet for natural male enhancement that has endowed millions of men with firmer, stronger, fuller-feeling erections. Taken just once a day, Enzyte is not situation specific; it helps increase blood flow all day and all night. With Enzyte, you're ready for action 24/7!* (See Exhibit 1.)

Defendants instruct consumers to take one Enzyte capsule per day, "just like a vitamin." Unfortunately, that is all the instruction that Defendants provide the unwitting consumer. Nowhere on

Defendants websites or packaging warns consumers of the potentially lethal effects of Enzyte consumption.

12. Enzyte consumption is dangerous and potentially lethal. A recent clinical study identifies the potentially fatal side effects of Enzyte consumption. The study entitled, *"Effect of Enzyte on QT and QTc Intervals"* appears in the August 9, 2010 issue of Archives of Internal Medicine. (*See* Exhibit 2.) In the study, the results showed that study participants given Enzyte had a prolonged "QT interval." A "QT interval" is a measurement of time in the heart's electrical cycle. The study indicates that a prolonged "QT interval" is a risk factor for **heart arrhythmia and sudden death**. Defendants do not warn consumers of any such dangers associated with Enzyte.

13. Even though Enzyte contains powerful ingredients on par with some prescription medicines, The FDA does not regulate the marketing, production, and distribution of Enzyte. Study author, Dr. Brian F. McBride was quoted as saying,

> *Enzyte appears to have some of the properties of some of the most powerful heart rhythm controlling medications that we give by prescription.* (*See* Exhibit 3.)

This is particularly troubling because erectile dysfunction is a rather embarrassing issue for most men to deal with. Millions of men seek treatment through over-the-counter dietary supplements, rather than seeking medical help from a physician. This reality, state the study authors,

> *creates a relatively anonymous patient population at an elevated risk for drug-induced sudden death.* (*See* Exhibit 3.)

Despite the real threat of consumer death, Defendants provide no warnings of these potential side effects.

14. Under the Dietary Supplement and Health and Education Act of 1994 ("DSHEA"), Defendants are responsible for ensuring that Enzyte is safe for the consumer before it is marketed to the consumer. (*See* Exhibit 4.) Clearly Defendants' desire to gain their share of the billion dollar male enhancement dietary supplement market outweighs their concern for the health and public welfare of the consumer. This callous disregard for consumer health is inexcusable.

15. Despite the risk of heart arrhythmia and sudden death, Defendants fail to warn Enzyte consumers of these fatal dangers. With knowledge of these dangers, Defendants continue to sell Enzyte to unsuspecting consumers for approximately $40 a package.

16. Plaintiff purchased Enzyte because he believed Enzyte to be "the #1 selling supplement in the world for natural male enhancement", which he believed to amount to safe and effective male sexual enhancement. Although he took Enzyte as directed, it did not work as advertised nor, did it cause him any male enhancement. In fact, it exposed him to a potentially fatal toxic cocktail. As such, it was worse than useless to him.

17. Unlike Plaintiff, Defendants have known or should have known that the ingredients in Enzyte are both worthless and harmful, yet actively and fraudulently conspired to conceal those facts from consumers.

18. Plaintiff believes that the amount in controversy exceeds $10,000,000. Plaintiff does not allege bodily injury or violation of any federal law or regulation.

## V. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this class action for restitution and injunctive relief on behalf of the following class:

> All persons who purchased Enzyte in California for personal use at any time during the applicable statute of limitations period (the "Class").

20. Excluded from the Class are governmental entities, Defendants, any entity in which defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

21. NUMEROSITY: The proposed Class is so numerous that individual joinder of all its members is impracticable. Plaintiff believes that the total number of Class members is approximately 10,000 members and is geographically dispersed across California.

22. COMMONALITY: There is a well-defined community of interest in the questions of law and fact involved affecting the class and these common questions predominate over any questions

that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

A. Did Defendants know of the dangers of Enzyte at any time they offered Enzyte for sale to the class?

B. Did Defendants' conduct constitute an unfair or misleading business practice?

23. TYPICALITY: Plaintiff's claims are typical of the claims of the members of the Class because all members of the Class purchased Enzyte, containing the preceding dangerous ingredients, for personal use.

24. ADEQUACY: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests adverse to that of the class and has retained counsel with substantial experience in handling complex class action litigation.

25. SUPERIORITY: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice, and adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication.

## VI. CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200/17500 ET SEQ.

(By Plaintiff and Class Against All Defendants)

26. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' conduct. Specifically, he purchased Enzyte without knowledge of its dangerous ingredients, used it as

directed, and found it worthless to him. He also unwittingly exposed himself to potentially lethal ingredients.

28. Defendants' failure to disclose the dangers of the preceding ingredients constitutes an unfair, deceptive, and fraudulent business practice.

29. Plaintiff seeks restitution of the purchase price paid by class members and a narrowly-tailored injunction to prevent the same conduct in connection with the sale of Enzyte in California.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court enter an order or judgment against Defendants as follows:

1. Certification of the proposed classes and notice paid by Defendants;
2. Disgorgement of the purchase price paid to Defendants;
3. An injunction preventing the same future misconduct;
4. Attorneys' fees and costs; and
5. Other attendant or ancillary relief that this Court deems just and proper.

Dated: August 31, 2010

NEWPORT TRIAL GROUP
A Professional Corporation

By: _____
Scott J. Ferrell

Attorneys for Plaintiff and the Class

I, Otis Harris II, declare as follows:

1. I am a Plaintiff in this action, and am a citizen of the State of California. I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2. The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Orange County is a county in which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Otis Harris II

- 1 -
DECLARATION RE VENUE